UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-357-RJC
(3:18-cr-173-RJC-DCK-1)

| KEYSHAWN DARREN CROWDER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). The Government has filed a Motion to Dismiss, (Doc. No. 9).

### I. BACKGROUND

Petitioner was charged in the underlying criminal case with two counts of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). (3:18-cr-173 ("CR") Doc. No. 3). Petitioner pleaded guilty without a plea agreement. However, the plea is supported by a written Factual Basis that provides in relevant part:

> 1. The defendant, KEYSHAWN DARREN CROWDER ("CROWDER"), having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess within the Western District of North Carolina:
>
>    a. a firearm, that is, a Glock Model 30 .45 caliber pistol, on January 27, 2018, and
>
>    b. a firearm, that is, a Springfield Armory U.S.A. Model XDM 9mm pistol, on March 7, 2018
>
> 2. CROWDER is a convicted felon, having been convicted on or about December 6, 2017, for "Possession of Stolen Firearm" (Case No. 17CRS20497) and "Possession of Stolen Motor Vehicles" (Case No. 17CRS241973) in the state

1

of North Carolina, Mecklenburg County, Superior Court Division. Both of Crowder's criminal convictions were punishable by more than one years' imprisonment. CROWDER has not had his civil rights restored, and was prohibited under federal law from possessing any firearms in and affecting commerce on the dates charged in Counts One and Two.

3. <u>January 27, 2018 (Count One)</u> - On January 27, 2018, CROWDER had actual and/or constructive possession of a Glock Model 30 .45 caliber pistol. At the time, he knew the pistol was a firearm and his possession of the firearm was voluntary and intentional.

4. The Glock Model 30 .45 caliber pistol unlawfully possessed by CROWDER on January 27,2018, was manufactured outside the State of North Carolina, and thus had traveled in and affected interstate commerce.

5. <u>March 7. 2018 (Count Two)</u> - On March 7,2018, CROWDER had actual and/or constructive possession of a Springfield Armory U.S.A. Model XDM 9mm pistol. At the time, he knew the pistol was a firearm and his possession of the firearm was voluntary and intentional.

6. The Springfield Armory U.S.A. Model XDM 9mm pistol unlawfully possessed by CROWDER on March 7, 2018, was manufactured outside the State of North Carolina, and thus had traveled in and affected interstate commerce.

(CR Doc. No. 19 at 1-2).

A United States Magistrate Judge conducted a thorough plea hearing pursuant to Rule 11 at which Petitioner was represented by counsel. <u>See</u> (CR Doc. No. 20). Petitioner stated, under oath, that he wanted the Court to accept his guilty plea; he understood the charges, his sentencing exposure, and the consequences of pleading guilty; he understood the rights he was waiving by pleading guilty; and he was pleading guilty because he is guilty. (<u>Id.</u>). He further stated that he read the Factual Basis, understood it, and agreed with it. (<u>Id.</u>). Petitioner stated that the plea was knowing and voluntary and was not the product of threats, intimidation, force, or promises of leniency or a light sentence. (<u>Id.</u>). Petitioner stated that he had enough time to discuss any possible defense with his attorney and was satisfied with counsel's services. (<u>Id.</u>).

At the sentencing hearing, the Court noted that Petitioner pleaded guilty prior to the Supreme Court's issuance of Rehaif v. United States, 130 S.Ct. 2191 (2019),[1] and the following then transpired:

> THE COURT: … Since the entry of the pleas,[2] United States Supreme Court has decided the Rehaif case holding that a defendant must know his status that disqualifies him from possessing a firearm under 922(g).
>
> Mr. Davis, does Mr. Crowder admit that he knew that he was a felon when he possessed the firearms in this case?
>
> MR. DAVIS: He does.

(CR Doc. No. 36 at 2).

The Court found that, based on the parties stipulations, there was a factual basis to support the plea. (CR Doc. No. 36 at 2-3). When given the opportunity to address the Court, Petitioner stated "I want to apologize to the community for the crimes I committed…." (CR Doc. No. 36 at 14).

In a Judgment entered December 31, 2019, the Court sentenced Petitioner to 87 months' imprisonment followed by two years of supervised release. (CR Doc. No. 32). Petitioner did not appeal.

Petitioner filed the instant *pro se* § 2255 Motion to Vacate on June 18, 2020. (Doc. No. 1). He argues that his guilty plea is invalid pursuant to Rehaif and Fourth Circuit cases applying Rehaif. Petitioner asks the Court to vacate his § 922(g) convictions.

The Government filed a Motion to Dismiss, (Doc. No. 9), arguing that the Rehaif claim is waived, procedurally defaulted, and meritless. The Court informed Petitioner of his right to

---

[1] The United States Supreme Court held in Rehaif that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200.

[2] Petitioner pleaded guilty in the underlying criminal case as well as in case number 3:18-cr-307.

3

respond to the Motion to Dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Doc. No. 11). However, Petitioner did not respond and the time to do so has expired.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner asks the Court to vacate his § 922(g) convictions and sentences because his guilty plea was not knowing and voluntary pursuant to Rehaif.

As a general matter, "a plea does not qualify as intelligent unless a criminal defendant first received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." See generally Bousley v. United States, 523 U.S. 614, 618 (1998)) (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). However, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Id. at 621. A § 2255 motion is not a substitute for direct appeal. See United States

4

Case 3:20-cv-00357-RJC   Document 12   Filed 01/29/21   Page 4 of 7

v. Frady, 456 U.S. 152, 167-68 (1982). Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally defaulted from § 2255 review unless the petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually innocent of the offense. See Bousley, 523 U.S. at 621; United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). A subsequent change in the law constitutes "cause" only where "a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). However, "alleged futility cannot serve as 'cause' for procedural default in the context of collateral review." See Whiteside, 775 F.3d at 185 (citing Bousley, 523 U.S. at 623). To show prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his actual and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170. To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014). Actual innocence means factual innocence, not legal insufficiency. See Mikalajunas, 186 F.3d at 494.

The record demonstrates that Petitioner knew about Rehaif at the time of sentencing and remained mute while counsel stipulated that Petitioner knew he was a felon at the time he possessed the relevant firearms. (CR Doc. No. 36 at 2). Petitioner failed to state any disagreement at the sentencing hearing and he did not raise the issue on direct appeal. Petitioner cannot demonstrate cause and prejudice or actual innocence because he was previously convicted of at least two prior felony offenses which he knew were punishable by 39 months' imprisonment each. See (Doc. 10) (state court Judgment and Transcript of Plea, case numbers 17CRS204954,

5

17CRS241975); (CR Doc. No. 30 at ¶¶ 75-76) (PSR). Therefore, Petitioner's claim that his plea was involuntary pursuant to Rehaif is procedurally defaulted from § 2255 review. See Davis v. United States, 2020 WL 7490406 (W.D.N.C. Dec. 21, 2020) (dismissing and denying § 2255 petition where petitioner waived Rehaif at the sentencing hearing); Erwin v. United States, 2020 WL 5822219 (W.D.N.C. Sept. 30, 2020) (dismissing § 2255 Rehaif claim as waived and procedurally defaulted where petitioner served a three-year sentence for his prior felony convictions and was serving supervised release on those convictions when he committed the instant offense).

Even if this claim were not procedurally defaulted, it would be denied on the merits because the record establishes that Petitioner knew he was a convicted felon at the time he violated § 922(g). See (CR Doc. Nos. 19, 36). Petitioner's present self-serving and unsupported claims to the contrary are rejected. See generally Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005).

For all the foregoing reasons, the Government's Motion to Dismiss will be granted and Petitioner's § 2255 Motion to Vacate will be dismissed with prejudice and denied.

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is granted and the § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

6

Case 3:20-cv-00357-RJC   Document 12   Filed 01/29/21   Page 6 of 7

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. Respondent's Motion to Dismiss, (Doc. No. 9), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: January 29, 2021

Robert J. Conrad, Jr.
United States District Judge